**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CASE NO.: 1:26-cv-02282**

ZURU IP LIMITED,

Plaintiff,

v.

CLICK PRODUCTS LLC, *et al.*,

Defendants.

**~~PROPOSED~~ ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS CLICK PRODUCTS LLC, MY SALES LLC, AND DUOCAI USA INC.**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Zuru IP Limited moved for entry of final default judgment against Defendants Click Products LLC, My Sales LLC, and Duocai USA Inc. (together, the "Defaulting Defendants"). The Court has considered Plaintiff's motion, memorandum of law, supporting declarations and exhibits, the Clerk's Certificate of Default entered on June 23, 2026, and the record in this action.

The Court finds that the Defaulting Defendants were properly served, failed to appear, answer, or otherwise defend this action, and are in default. The Court further finds that Plaintiff has established its entitlement to final default judgment, monetary relief, permanent injunctive relief, and related post-judgment relief against the Defaulting Defendants.

Accordingly, it is hereby ORDERED that Plaintiff's motion for entry of final default judgment against Defendants Click Products LLC, My Sales LLC, and Duocai USA Inc., ECF No. [__39__], is **GRANTED**.

It is further **ORDERED, ADJUDGED, and DECREED** as follows:

A. Final default judgment is entered in favor of Plaintiff Zuru IP Limited and against Defendants Click Products LLC, My Sales LLC, and Duocai USA Inc.

B. Plaintiff is awarded **statutory damages for trademark counterfeiting and infringement in the amount of** ~~**$100,000.00 against each Defaulting Defendant**, for a~~ $40,000.00 against all three Defaulting Defendants, jointly and severally. ~~total trademark statutory damages award of $300,000.00.~~

C. Plaintiff is awarded **statutory damages for copyright infringement in the amount** ~~**of**~~ $4,000.00 against all three Defaulting Defendants, jointly and severally. ~~**$150,000.00 against each Defaulting Defendant**, for a total copyright statutory damages award of $450,000.00.~~

D. Plaintiff is awarded total statutory damages against the Defaulting Defendants in the aggregate amount of $~~750,000.00~~. $44,000.00, jointly and severally

E. The total monetary judgment entered against the Defaulting Defendants is $~~750,000.00~~, $44,000.00 plus post-judgment interest as provided by law from the date judgment is entered until paid in full.

**PERMANENT INJUNCTION**

F. The Defaulting Defendants, and their officers, agents, servants, employees, attorneys, representatives, successors, assigns, and all persons acting in active concert or participation with any of them who receive actual notice of this Order, are permanently enjoined and restrained as follows:

1. Each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this Order are hereby permanently restrained and enjoined:

a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the federally registered trademarks BUNCH O BALLOONS, BUNCHO, SELF-SEALING WATER BALLOONS, and FILL AND TIE 100 WATER BALLOONS IN 60 SECONDS (the "BoB Marks"), or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiffs, bearing and/or using the BoB Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the BoB Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defaulting Defendant, including, but not limited to, any assets held by or on behalf of any Defaulting Defendant; and

c. From copying, displaying, distributing or creating derivative works of plaintiff's copyrighted packaging design (the "BoB Packaging").

2. Each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant

having notice of this Permanent Injunction, shall immediately remove, or cause to be removed, from any website, online marketplace, social-media page, product listing, advertising page, payment-processing page, or other online location under their possession, custody, or control, all listings, images, advertisements, product descriptions, keywords, metadata, and other materials that use, display, reproduce, or refer to Plaintiff's trademarks, copyrighted packaging artwork, or any counterfeit, copy, colorable imitation, confusingly similar variation, or derivative thereof.

3. Each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this Permanent Injunction shall immediately and permanently discontinue the use of the BoB Marks, or any confusingly similar trademarks including use on any webpage, from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by any Defaulting Defendant, including the Defendants' Website.

4. Defaulting Defendants shall, within FOURTEEN (14) days after service of this Order, deliver to Plaintiff for destruction all products, labels, packaging, advertisements, promotional materials, molds, plates, screens, digital files, and other items in their possession, custody, or control that bear, reproduce, display, or incorporate Plaintiff's BoB Marks, BoB Packaging, or any counterfeit, copy, colorable imitation, confusingly similar variation, or derivative thereof.

5. Any third-party marketplace platforms, internet service providers, domain-name registrars, domain-name registries, website operators, fulfillment providers, shipping providers, financial institutions, payment processors, banks, merchant-account providers, and other third

parties receiving actual notice of this Order, including but not limited to PayPal, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), WorldFirst UK Limited ("WorldFirst"), PingPong Global Solutions Inc. ("PingPong"), Stripe, Inc. and/or Stripe Payments Company ("Stripe"), LianLian ("LianLian"), and their related companies and affiliates are ordered to release to Plaintiffs any funds restrained to satisfy the monetary judgments.

6. Any third-party marketplace platforms, internet service providers, domain-name registrars, domain-name registries, website operators, fulfillment providers, shipping providers, financial institutions, payment processors, banks, merchant-account providers, and other third parties receiving actual notice of this Order and holding, controlling, hosting, or facilitating assets, accounts, listings, stores, domain names, webpages, or services for or on behalf of any Defaulting Defendant shall, to the extent within their possession, custody, or control:

a. Permanently disable, remove, or de-index any listings, storefronts, webpages, advertisements, images, and associated materials identified or otherwise shown to use Plaintiff's trademarks, copyrighted packaging artwork, or any counterfeit, copy, colorable imitation, confusingly similar variation, or derivative thereof;

b. Maintain any restraint previously imposed in this action on funds, accounts, or assets of the Defaulting Defendants until the judgment is satisfied or further order of the Court;

c. Transfer to Plaintiff, within five (5) days after receipt of this Order, all restrained funds, up to the amount necessary to satisfy the judgment entered herein, from any accounts associated with the Defaulting Defendants; and

d. Provide Plaintiff with a written accounting of any funds transferred pursuant to this Order.

7. Nothing in this Order requires any third party to transfer more than the amount necessary to satisfy the monetary judgment entered herein, including post-judgment interest.

G. This Court retains jurisdiction over this matter and the parties for purposes of enforcing this Order and the judgment entered herein.

H. The Clerk of Court is respectfully directed to enter judgment in favor of Plaintiff Zuru IP Limited and against Defendants Click Products LLC, My Sales LLC, and Duocai USA Inc.; terminate the motion at ECF No. [__39___]; and close the case ~~as to the Defaulting Defendants~~.

Dated: ___October 7_________, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge